**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JERRY STARLING,** ) | **CASE NO. 4:07CV 03607** |
| )| |
| Petitioner, ) | **JUDGE JOHN R. ADAMS** |
| ) | |
| v. ) | **MAGISTRATE JUDGE GREG WHITE** |
| ) | |
| **WARDEN GUNJA,** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

*Pro Se* Petitioner Jerry Starling, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 20, 2007, alleging that the Bureau of Prisons has not correctly computed his release date in that he was not properly credited for time served prior to his sentencing date. On January 25, 2008, he supplemented his petition by requesting the Court to consider the presentence report from his underlying federal conviction.

On December 10, 2007, Starling filed a motion for correction of sentence (Doc. No. 4.) and on January 4, 2008, he filed a motion for due jail time credit and immediate release. (Doc. No. 6.) On February 13, 2008, he filed a motion for correction of criminal history. (Doc. No. 9.)

On August 1, 2008, Respondent filed a motion to transfer the case to the United States District Court, Eastern Division of New York as Starling is currently confined in a half-way house in that district. (Doc. No. 13.)

On August 1, 2008, this matter was referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Starling's petition be dismissed without prejudice and that all pending motions be denied as moot.

## Background

Based on the record Starling provided to the Court, he was arrested for a check forgery violation in New York by local authorities on November 12, 2004.  On July 13, 2005, he was sentenced by a New York state court to a three-year prison term.  On July 25, 2005, he was taken into custody by federal authorities on a bank fraud charge related to his New York state conviction.  On April 19, 2006, after a guilty plea, he was sentenced in the United States District Court, Eastern Division of New York, Central Islip Division, to a 33-month prison term to run concurrent with his state sentence.  He is currently assigned to CCM New York, a half-way house facility in Brooklyn, New York.  (Resp. Mot. To Transfer, pages 1-2.)  His expected release date appears to be September 11, 2008.

Starling now alleges that the Warden has incorrectly computed his release date as he did not receive credit for time served between the date he was taken into federal custody in July 2005 to the date of his federal sentencing in April 2006.

## Jurisdiction

Courts have uniformly held that claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.  *Waters v. United States*, 2007 WL 3166573, Case No. 4:07CV1958, *2 (N.D. Ohio Oct. 26, 2007); *see also Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  At the time Starling filed the instant petition, he was housed at Corrections Corporation of America in Youngstown, Ohio.  Even though Starling was subsequently relocated, jurisdiction in this Court is proper as a district court's jurisdiction is not affected by the transfer of a prisoner.  *See White v. Lamanna*, 2002 WL 857739, 42 Fed. Appx 670 (6th Cir. 2002); *Cohen v. United States*, 593 F.2d 766, 767 n.2 (6th Cir 1979).

## Exhaustion

After reviewing the record, the Court *sua sponte* finds that Starling has not exhausted administrative remedies available to him prior to filing a § 2241 petition for habeas corpus relief. *See Waters v. United States, supra,*; *United States v. Oglesby*, 52 Fed. Appx. 712, 2002 WL 31770320, (6th Cir. Dec. 9, 2002); *Aron v. Lamanna*, 4 Fed Appx. 232, 2001 WL 128349 (6th Cir.

2

Feb. 6, 2001).

It is well established that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. *Waters* at *3; *See also Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992). Moreover, exhaustion of administrative remedies is jurisdictional. *Gonzalez* at 212. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons, is responsible to calculate a defendant's credit for time served prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *Oglesby* at *1. "Only after a prisoner seeks adminstrative review of the computation of this credit, *see* 28 C.F.R. §§ 542.10 -16, and has exhausted administrative remedies, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241." *Id.*; *see Wilson*, 503 U.S. at 335; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

It is clear that Starling has not attempted to exhaust his administrative remedies. Starling included in the record a responsive letter he received from the Designation and Sentence Computation Center in Grand Prairie, Texas, dated December 12, 2007. Such letter instructed him to direct any questions regarding his jail credit to the institution Records Office staff. The letter further suggests that if he is not satisfied with their response, he may file an appeal through the administrative remedy procedures. Starling has not shown and does not allege that he has exhausted these procedures. Furthermore, he does not argue that the prospect of exhaustion would be futile.[1] *See Aron v. LaManna*, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (*citing McKart v. United States*, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982)).

---

[1] Starling claims that he had no access to a records office at his place of incarceration at Corrections Corporation of America in Youngstown, Ohio. Yet the record reflects he was transferred to FCI Fairton in New Jersey in January 2008, shortly after his petition was filed. (Doc. Entry 7.)

In light of Petitioner's failure to exhaust his administrative remedies, this Court recommends that the petition be dismissed without prejudice.

s/ Greg White<br>United States Magistrate Judge

Date:   August 15, 2008

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**